```
                            FILED
                          APR 26 2005
                    UNITED STATES BANKRUPTCY COURT
                    EASTERN DISTRICT OF CALIFORNIA
```

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re                           )   Case No. 04-33611-C-7
                                )
ALFRED M. CHITTEDEN and         )   DC No. MBB-1
JULIA H. CHITTENDEN,            )
                                )
        Debtors.                )
_____)

**FINDINGS OF FACT AND CONCLUSIONS OF LAW
ON MOTION FOR RELIEF FROM AUTOMATIC STAY**

These findings of fact and conclusions of law are rendered in this contested matter pursuant to Federal Rule of Civil Procedure 52 as incorporated by Federal Rules of Bankruptcy Procedure 7052 and 9014.

<u>Jurisdiction</u>

Jurisdiction is founded upon 28 U.S.C. § 1334. This is a core proceeding. 28 U.S.C. § 157(b)(2)(G).

<u>Findings of Fact</u>

Debtors filed this voluntary chapter 7 petition on November 29, 2004. Debtors scheduled real property commonly known as 23135 Kitty Street, Red Bluff, California ("the property"). The property was scheduled as exempt in the amount of $24,578. The chapter 7 trustee filed a report finding that

there was property available for distribution from the estate over and above that exempted by debtor.

On February 18, 2005, Homecomings Financial Network, Inc. ("movant") filed a motion, notice, and declaration moving to intervene and be heard in response to the motion for relief from stay filed by Mortgage Electronic Registration Systems, Inc. Additionally, movant requested that this court vacate the automatic stay to permit movant to commence foreclosure proceedings against the property. The motion and declaration establish that the debtor owes the movant approximately $44,000. The value of the property is approximately $160,000. Additionally, movant request attorney's fees and costs.

On March 8, 2005, a hearing was held on movant's motion for relief from the automatic stay. Debtors appeared and opposed the motion. That same day, the court issued an order requiring movant to file a supplemental declaration regarding its request for attorneys' fees and costs. Additionally, the court continued the matter to March 29, 2005.

After the hearing on March 29, 2005, the court further continued the matter to April 26, 2005. At the hearing on April 26 movant represented that it entered into a stipulation with the trustee terminating the stay. Thereafter, the court concluded that it would resolve the relief from stay motion and further continue the request for attorney's fees and costs.

The court notes that debtors received a discharge on March 10, 2005.

## Conclusions of Law

The automatic stay of acts against the debtor <u>in personam</u>

and of acts against property other than property of the estate continues until the earliest of the time when the bankruptcy case is closed, dismissed, or an individual in a chapter 7 case is granted a discharge. 11 U.S.C. § 362(c). However, the automatic stay may be terminated earlier if debtor fails to adequately protect the secured party's interest, § 362(d)(1), and, with respect to a stay of an act against property, the debtor does not have equity in the property, § 362(d)(2)(A), and the property is not necessary to an effective reorganization. § 362(d)(2).

In this instance, debtors received a discharge on March 10, 2005. As such, the motion requesting relief from the automatic stay as against the debtors shall be denied as moot without prejudice. Moreover, the court observes that had the court resolved the motion when it was first filed, the motion as to debtors would have been denied because there is equity in the property in excess of $23,000.

As to the trustee, the motion will be granted pursuant to the stipulation entered into between the movant and trustee.

Additionally, the hearing on movant's request for attorneys' fees and costs is continued to June 7, 2005. Any party wishing to supplement the record may do so before May 31, 2005.

An appropriate order will issue.

Dated: April 26, 2005

_____
UNITED STATES BANKRUPTCY JUDGE

# CERTIFICATE OF SERVICE

On the date indicated below, I served a true and correct copy(ies) of the attached document by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed and by depositing said envelope in the United States mail or by placing said copy(ies) into an interoffice delivery receptacle located in the Clerk's Office.

Julia and Alfred Chittenden
23135 Kitty Street
Red Bluff, CA 96080

Nancy Benson
857 Jefferson Street #D
Red Bluff, CA 96080

John W. Reger
P.O. Box 933
Palo Cedro, CA 96073

Homecomings Financial Network, Inc
1665 Scenic Avenue, Suite 200
Costa Mesa, CA 92626

Office of the United States Trustee
United States Courthouse
501 I St., Suite 7-500
Sacramento, CA 95814

Dated: 4/28/05

_____
Deputy Clerk
**BARBARA REYNOLDS**