

FILED

JUN 1 0 2005

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

1

2   UNITED STATES BANKRUPTCY COURT

3   EASTERN DISTRICT OF CALIFORNIA

4

| | |
|---|---|
| 5  In re<br>ALFRED M. CHITTEDEN and<br>6  JULIA H. CHITTENDEN | Case No. 04-33611-C-7<br>DC No. JMS-1<br>DC NO. MBB-1 |
| 7  In re<br>JONATHAN R. MCLAREN and<br>CYNTHIA M. MCLAREN | Case No. 04-33609-C-7<br>DC No. PDM-1 |
| 8  In re<br>DAVID B. PETERSEN and<br>9  VICKI G. PETERSEN | Case No. 04-34629-C-7<br>DC No. PDM-1 |
| 10  In re<br>CLARE F. PRICE | Case No. 05-20025-C-7<br>DC No. JMS-1<br>DC No. RSS-1 |
| 11  In re<br>WILLIAM P. CAMPBELL and<br>12  MARGENE T. CAMPBELL | Case No. 05-20678-C-7<br>MC No. PDM-1 |
| 13  In re<br>DAVID T. LLOYD and<br>DIANE M. LLOYD | Case No. 05-21288-C-7<br>DC No. PPR-60 |
| 14  In re<br>GLENDA BIANCO | Case No. 05-21924-C-7<br>DC No. MBB-1 |
| 15  In re<br>MONTE LEE BEACH, II and<br>16  MAUREEN A. BEACH | Case No. 05-22372-C-7<br>MC No. JMS-1 |
| 17  In re<br>WILLIAM J. LONG | Case No. 05-20584-C-7<br>DC No. PDM-1 |
| In re<br>18  JOHN E. MARK and<br>SHARON R. MARK | Case No. 05-21097-C-7<br>DC No. LJB-1 |
| 19  In re<br>JOHN R. FRESK and<br>20  MIRIAM K. FRESK, | Case No. 05-22037-C-7<br>DC No. MBB-1 |
| 21            DEBTOR(S). | |

22

**MEMORANDUM DECISION ON REQUESTS FOR ATTORNEYS' FEES AND COSTS**

23

24

25

26

27

28

These consolidated motions for relief from automatic stay, which have been the subject of several oral proceedings before this court, present a common pattern that may add up to a below-the-radar abuse of the bankruptcy system.

In each instance, an oversecured mortgage creditor has filed a stay relief motion in a chapter 7 case to be heard within a short period before the stay would otherwise expire as a matter of law (and in some instances after the stay expired in part) and has asked the court to determine appropriate fees to be charged pursuant to the terms of the contract.  Hence, the motions are of dubious necessity.

These unnecessary motions have been criticized as a form of churning that has the primary effect of increasing the amount of the debt by the $750 - $1500 that the creditor would add to the debt, and take from a debtor's equity, under the terms of its underlying contract without materially enhancing the creditor's latitude.

The basic problem stems from the following provisions of the Bankruptcy Code.  First, the automatic stay expires with respect to the interests of an individual chapter 7 debtor when the debtor receives a discharge.  11 U.S.C. § 362(c)(2)(C).  Second, to the extent that the trustee has an interest in the debtor's exempt property (ordinarily because it might have realizable value in excess of the exemption), the automatic stay expires as a matter of law when the residence is no longer property of the estate.  11 U.S.C. § 362(c)(1).  In the garden-variety chapter 7 case, the debtor's residence ceases to be

property of the estate when the case is closed, in light of the
provisions that property not otherwise administered at the time
of closing is abandoned to the debtor at closing.   11 U.S.C. §
554(c).

The median chapter 7 case in the United States is
closed in fewer than 120 days after it was filed, according to
statistics published by the Administrative Office of the United
States Courts for calendar year 2004.   In the Eastern District
of California, the median time for closing a chapter 7 case
during 2004 according to those same statistics was 103 days.

Unless there are assets to administer or pending
adversary proceedings or pending motions for relief from stay,
there is little reason why a chapter 7 case would remain open
longer than the median time.

The consequence of all this is that a creditor on a
residential home mortgage of an individual debtor will cease to
be effected by the automatic stay in the typical case, in
approximately 103 days after the case if filed in the Eastern
District of California and 120 days nationally.

Further, if the trustee files a "no asset report" after
the meeting of creditors, then the case is likely to be closed
expeditiously.   Adversary proceedings are filed in fewer than 5
percent of all chapter 7 cases in this district.

The salient common characteristics of these motions is
that the debtor, in each instance, has equity in the property.
In other words, the value of the property exceeds the amount of
the debt but is less than an amount large enough to attract the
interest of the trustee in selling the residence so as to

realize value for the estate.

The economic consequence of the motion is that the creditors, who contend that they are entitled to have their fees and expenses reimbursed pursuant to the terms of the contract, concede that they will add $750 to $1500 to the amount of the debt that must be paid by the debtors.  Thus, to the extent that a debtor may be in default on a home mortgage, the amount later required to cure it is being inflated by the expenses of the motion.

In addition to the attorney's fee expense, each of these motions was subject to a filing fee in the amount of $150.  28 U.S.C. § 1930, Bankruptcy Court Miscellaneous Fee Schedule, #20.

In most of these instances, the movant did not, before filing the motion, contact the trustee to see if the trustee would stipulate to relief from stay.  The significance of this is that no filing fee is required for a stipulation for court approval of an agreement for relief from stay.  Id.

It follows that, when a creditor files a motion for relief from stay against the debtor who has exempt equity in their residence, which motion is to be heard at or near the time the debtor receives a discharge, the motion is likely to be mooted as to the debtor because of the expiration of the stay soon after the motion could be heard in the first place. Moreover, by not contacting the trustee in search of a stipulation, the creditor automatically inflicts a $150 filing fee on the debtor.

While some of the creditors argued in the several oral

- 4 -

hearings on these consolidated motions that trustees will not stipulate for relief from stay, it is apparent to this court (and as confirmed by concessions by other parties during the hearings) that chapter 7 trustees in this district commonly do stipulate to relief from stay.  The problem is that the creditors rarely bother to ask.

It follows that these motions for relief from stay, even though permitted by law, should not have been necessary. They serve little useful purpose, clog a court's calendar, and increase a debtor's burden of secured debt.  Hence, no attorney's fees are reasonable nor should costs be awarded or permitted to be reimbursed under the terms in the contract.

The law in the Ninth Circuit is that attorney's fees for relief from stay litigation are not available under the terms of the Bankruptcy Code.  Johnson v. Righetti (In re Johnson), 756 F.2d 738, 741 (9th Cir. 1985).

The Johnson v. Righetti decision has also been understood to mean that the expenses of a motion for relief from stay do not constitute an "action on the contract" that is subject to the terms of California Civil Code § 1717, which provides, in relevant part:

> Where a contract provides for attorney's fees, . . . , that provision shall be constructed as applying to the entire contract, unless each party was represented by counsel in the negotiation and execution of the contract, and the fact of that representation is specified in the contract.

> Reasonable attorney's fees shall be fixed by the court, and shall be an element of the costs of suit.

Cal. Civ. Code § 1717.

Thus, debtors as prevailing parties have been prevented

- 5 -

from seeking to exploit the terms of § 1717.  See, e.g., Hassen
Imports Partnership v. KWP Financial VI (In re Hassen Imports
Partnership), 256 B.R. 916, 921-23 (9th Cir. BAP 2000).

The twist in this case is that in each instance the
court was asked by the movant in the motion to determine fees.
Since the only possible basis for the court awarding fees would
be under applicable nonbankruptcy law, i.e., the contract
subject to § 1717, it appears that by invoking § 1717 the
creditors have, in effect, waived their right to resist an
award in favor of a debtor under § 1717 and have conceded that
they are proceeding as if the motion for relief from stay is an
action on the contract.

This view is supported by the concession by all of the
creditors during the several oral hearings in these
consolidated motions that the creditors systematically add
expenses under the terms of the contract, which are subject to
§ 1717, regardless of whether the court makes an award.

Paradoxically, this amounts to the creditors
systematically conceding that Johnson v. Righetti was decided
on the false premise that creditors were not routinely adding
fees and expenses of automatic stay litigation to the debt
pursuant to the terms of the contract.  The numerous creditors
involved in this litigation have  demonstrated the fallacy in
Johnson v. Righetti.

Even though the creditors have contended that they are
only animated by the purest of motives, one cannot help but
note that by filing a motion for relief from stay where the
debtor has exempt equity in a residence and a comparatively

- 6 -

minor default (as is the case in most of these motions) the economic consequence is that the creditors appropriate to themselves (and their counsel) a bankruptcy tax to be paid by the debtors from their exemption that supposedly is being protected by the bankruptcy.

Thus, viewed from a macro level, the practice identified in these motions raises difficult questions that suggest an abusive practice.

For the foregoing reasons, each of the motions for a determination of fees and costs will be denied, and it is specifically determined that the reasonable fees and expenses in connection with this motion are zero within the meaning of § 1717, which the movants have asked this court to apply by virtue of their request for fees and expenses. Similarly, all costs are denied because the motions were unnecessary. In addition, as a separate, independent reason to deny costs for filing of the motions, the creditors did not ask the trustee to stipulate for relief from the stay such that the $150 filing fee would not be required to have been paid in the first place.

Appropriate orders will issue.

Dated:   June 10, 2005.

_____
UNITED STATES BANKRUPTCY JUDGE

1

2                          **CERTIFICATE OF SERVICE**

3          On the date indicated below, I served a true and correct
   copy(ies) of the attached document by placing said copy(ies) in
4  a postage paid envelope addressed to the person(s) hereinafter
   listed and by depositing said envelope in the United States
5  mail or by placing said copy(ies) into an interoffice delivery
   receptacle located in the Clerk's Office.

6

7  Jonathan and Cynthia McLaren
   859 Washington Street, #128
   Red Bluff, CA 96080

8

9  Nancy Benson
   857 Jefferson Street, #D
   Red Bluff, CA 96080

10

11 John W. Reger
   P.O. Box 933
   Palo Cedro, CA 96073

12

13 ABN AMRO Mortgage Group, Inc
   c/o Pite Duncan & Melmet, LLP
   1820 E. First Street, Suite 420
14 Santa Ana, CA 92705

15 Julia and Alfred Chittenden
   23135 Kitty Street
16 Red Bluff, CA 96080

17 Nancy Benson
   857 Jefferson Street #D
18 Red Bluff, CA 96080

19 John W. Reger
   P.O. Box 933
20 Palo Cedro, CA 96073

21 Mortgage Electronic Registration Systems, Inc.
   c/o Alvarado, Shapiro & Wilson, LLP
22 4 Park Plaza, Suite 1230
   Irvine, CA 92614

23

24 Homecomings Financial Network, Inc
   1665 Scenic Avenue, Suite 200
   Costa Mesa, CA 92626

25

26 David and Vicki Petersen
   31700 Transformer Road
   Malin, OR 97632

27

28 Prem Dhawan
   P.O. Box 965

1   Benecia, CA 94510

2   Gregory Hughes
    3017 Douglas Blvd. #300
3   Roseville, CA 95661

4   Whidbey Island Bank
    c/o Pite Duncan & Melmet, LLP
5   1820 E. First Street, Suite 420
    Santa Ana, CA 92705
6
    Clare Price
7   4751 Trotter Lane
    Shingle Springs, CA 95682
8
    Denise Olrich
9   809 Petaluma Boulevard N
    Petaluma, CA 94952
10
    Thomas Aceituno
11  P.O. Box 189
    Folsom, CA 95763-189
12
    Mortgage Electronic Registration Systems, Inc.
13  c/o Alvarado, Shapiro & Wilson LLP
    4 Park Place, Suite 1230
14  Irvine, CA 92614

15  The CIT Group/Consumer Finance, Inc.
    C/o Law Office of Richard Stone
16  2250 Commerce Avenue, Suite D
    Concord, CA 94520
17
    William and Margene Campbell
18  9944 Villa Granito Lane
    Granite Bay, CA 95746
19
    Gary Fraley
20  2862 Arden Way #205
    Sacramento, CA 95825
21
    Frederick Lucksinger
22  P.O. Box 2460
    Rocklin, CA 95677
23
    Wells Fargo Bank, N.A.
24  c/o Pite Duncan & Melmet, LLP
    525 E. Main Street
25  P.O. Box 12289
    El Cajon, CA 92022-2289
26
    David Lloyd
27  1945 Sloat Way
    Sacramento, CA 95818
28

Michael O'Neal
1565 River Park Drive #A
Sacramento, CA 95815

Hank Spacone
P.O. Box 255808
Sacramento, CA 95865-5808

Impac Funding Corporation
c/o Polk Prober & Raphael
P.O. Box 4365
Woodland Hills, CA 91365-4365

Glenda Bianco
19816 1st Street
Cottonwood, CA 96022

Darryll Alvey
1907 Park Marina Drive
Redding, CA 96001

ABN Mortgage Group, Inc
c/o Miles, Bauer, Bergstrom & Winters, LLP
1665 Scenic Avenue, Suite 200
Costa Mesa, CA 92626

Monte Beach
P.O. Box 16677
South Lake Tahoe, CA 96151

Maureen Beach
P.O. Box 16677
South Lake Tahoe, CA 96151

Gary Fraley
2862 Arden Way #205
Sacramento, CA 95825

Michael Burkart
5150 Fair Oaks Blvd. #101-185
Carmichael, CA 95608

Chase Home Finance, LLC
c/o Alvarado, Shapiro & Wilson, LLP
4 Park Plaza, Suite 1230
Irvine, CA 92614

William Long
14845 Lago Drive
Rancho Murieta, CA 95683

Stephen A. Koonce
791 University Avenue
Sacramento, CA 95825-6708

Hank Spacone
P.O. Box 255808
Sacramento, CA 95865-5808

Mortgage Electronic Registration Systems, Inc.
C/o Pite Duncan & Melmet, LLP
525 E. Main Street
P.O. Box 12289
El Cajon, CA 92022-2289

John and Sharon Mark
3234 Williston Way
El Dorado Hills, CA 95762

Gary Fraley
2862 Arden Way #205
Sacramento, CA 95825

Michael Burkart
5150 Fair Oaks #101-185
Carmichael, CA 95608

Amercia's Servicing Company dba Mortgage Electronic
Registration Systems, Inc
c/o The Buckley Firm
26522 La Alameda, Suite 200
Mission Viejo, CA 92691

John and Miriam Fresk
250 MC ADOO Drive #1021
Folsom, CA 95630

Linda Patrick
1540 Jefferson Boulevard
West Sacramento, CA 95691

Michael Burkart
5150 Fair Oaks Boulevard #101-185
Carmichael, CA 95608

WM Specialty Mortgage, LLC
c/o Miles, Bauer, Bergstrom & Winters, LLP
1665 Scenic Avenue, Suite 200
Costa Mesa, CA 92626

Office of the United States Trustee
United States Courthouse
501 I St., Suite 7-500
Sacramento, CA  95814

Dated: 6/13/05

Melissa McTutor
Deputy Clerk